UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. SA-15-CR-0820-DAE** |
| | ) | |
| **JOHN XAVIER PORTILLO (1),** | ) | |
| **JEFFREY FAY PIKE (2),** | ) | |
| **JUSTIN COLE FORSTER (3),** | ) | |
| | ) | |
| **Defendants.** | ) | |

UNITED STATES OF AMERICA'S
**BILL OF PARTICULARS FOR FORFEITURE OF PROPERTY**

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, and files the following Bill of Particulars for Forfeiture of Property.

The Indictment filed on December 16, 2015 included a Notice of United States of America's Demand for Forfeiture which gave notice that the United States seeks the criminal forfeiture of property pursuant Title 21 U.S.C. §§ 853(a)(1) and (2), and Title 18 U.S.C. §§ 1963(a)(1)-(3), 924(d)(1), and 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461 from Defendants **JOHN XAVIER PORTILLO, JEFFREY FAY PIKE, AND JUSTIN COLE FORSTER**. This Bill of Particulars provides further notice of specific property the United States seeks for criminal forfeiture.

The United States hereby gives notice that it seeks the criminal forfeiture of certain property from Defendants **JOHN XAVIER PORTILLO, JEFFREY FAY PIKE, AND JUSTIN COLE FORSTER**, for violations of Title 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and (b)(1)(C), and Title 18 U.S.C. §§ 1962(d) and 1951, as follows:

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]
### I.
### Forfeiture Statutes for RICO Conspiracy
[Title 18 U.S.C. § 1962(d), subject to forfeiture pursuant to Title 18 U.S.C. §§ 1963(a)(1)-(3) and Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461]

As a result of the foregoing criminal violations set forth in Count One, the United States of America gives notice to **Defendants JOHN XAVIER PORTILLO, JEFFREY FAY PIKE, and JUSTIN COLE FORSTER**, of its intent to seek the forfeiture of the below described properties upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. §§ 1963(a)(1)-(3), and Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461 which state:

**Title 18 U.S.C. § 1963. Criminal penalties**
**(a)** Whoever violates any provision of section 1962 of this chapter shall …
forfeit to the United States, irrespective of any provision of State law-
**(1)** any interest the person has acquired or maintained in violation of section 1962;
**(2)** any-
**(A)** interest in;
**(B)** security of;
**(C)** claim against; or
**(D)** property or contractual right of any kind affording a source of influence over;
any enterprise which the person has established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962; and
**(3)** any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of section 1962.

**(b)**   Property subject to criminal forfeiture under this section includes-

    **(1)**   real property, including things growing on, affixed to, and found in land; and

    **(2)**   tangible and intangible personal property, including rights, privileges, interests, claims, and securities.

## II.
### Forfeiture Statutes for Drug Violations
**[Title 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and (b)(1)(C)
subject to forfeiture pursuant to Title 21 U.S.C. §§ 853 (a)(1) and (2)]**

As a result of the foregoing criminal violations set forth in Counts Twelve through Fifteen, the United States of America gives notice to Defendants **JOHN XAVIER PORTILLO, JEFFREY FAY PIKE, and JUSTIN COLE FORSTER**, of its intent to seek the forfeiture of the below described properties upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 21 USC §§ 853(a)(1) and (2), which state:

    **Title 21 USC § 853. Criminal forfeitures**

        **(a)**   Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law –
        **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
        **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; . . .

## III.
### Forfeiture Statutes for Extortion
**[Title 18 U.S.C. § 1951, subject to forfeiture pursuant to Title 18 U.S.C. §§ 981(a)(1)(C) and Title 18 U.S.C. § 924(d)(1), both made applicable to criminal forfeiture by Title 28 U.S.C. § 2461]**

As a result of the foregoing criminal violations set forth in Count Sixteen, the United States of America gives notice to Defendants **JOHN XAVIER PORTILLO, JEFFREY FAY PIKE, and JUSTIN COLE FORSTER**, of its intent to seek the forfeiture of the below

described properties upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. §

981(a)(1)(c) and Title 18 U.S.C. § 924(d)(1), both made applicable to criminal forfeiture by Title

28 U.S.C. § 2461, which state:

> **Title 18 U.S.C. § 981. Civil Forfeiture**
> **(a)(1)** The following property is subject to forfeiture to the United States:
>> **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.
>
> **Title 18 U.S.C. § 924. Penalties**
> **(d)(1)** Any firearm or ammunition involved in or used in any . . . violation of any other criminal law of the United States, or any firearm or ammunition intended to be used in any offense referred to in paragraph (3) of this subsection, where such intent is demonstrated by clear and convincing evidence, shall be subject to seizure and forfeiture . . . under the provisions of this chapter . . . .
>> **(3)**   The offenses referred to in paragraphs (1) and 2(C), of this subsection are-
>>
>> **(A)** any crime of violence, as that term is defined in section 924(c)(3) of this title; . . .

This Bill of Particulars includes but is not limited to the properties described below in

Paragraphs IV- IX.

**IV.**
**Real Property**

Real Property located and situated at **3003 Jupe Drive, San Antonio, Texas 78222, Bexar County**, with all buildings, appurtenances, and improvements, thereon, more fully described as Lot 22, New City Block 10763, Heins Subdivision No. 4, In the City of San Antonio, Bexar County, Texas According to Plat thereof recorded in Volume 1625, Page 339, Deed and Plat Records of Bexar County, Texas;

## V.
## Personal Property

Blue Harley Davidson Motorcycle, VIN: 1HD1KHM13CB691239; License Plate No. 4RW157; and

Grey Chevrolet Pickup, VIN: 1GCHK23D57F135926; License Plate No. DYJ-5458;

## VI.
## Firearms

Ruger, 0.45 caliber firearm, SN: 3022927;

Taurus, 0.38 caliber firearm, SN: XC65936   097985;

American Derringer Pen Gun; and

Assorted Ammunition and Accessories;

## VI.
## Currency

**$17,807.20, More or Less, in United States Currency seized on January 6, 2016 at 3003 Jupe Drive, San Antonio, Texas 78222.**

## VIII.
## Money Judgment

**Money Judgment**: A sum of money equal to **One Hundred Thousand Dollars ($100,000.00)** which represents the value of any proceeds generated from the drug violations, for which Defendants **JOHN XAVIER PORTILLO, JEFFREY FAY PIKE, and JUSTIN COLE FORSTER** are jointly and severally liable.

## IX.
## Substitute Assets

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of Defendants **JOHN XAVIER PORTILLO, JEFFREY FAY PIKE, and JUSTIN COLE FORSTER**:

5

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the

value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. § 853(p) and Fed.

R. Crim. P. 32.2(e)(1).

Respectfully submitted,

RICHARD L. DURBIN, JR.
United States Attorney


By:         _____/s/_____
DIANA CRUZ-ZAPATA
Assistant United States Attorney
Chief, Asset Forfeiture Section
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel:   (210) 384-7040
Fax: (210) 384-7045
Texas Bar No. 05196800

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2016, the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participants listed on record for this case.

Jay S. Norton
Offices of Alan Brown
222 Main Plaza
San Antonio, TX 78205
(210) 227-5103
Fax: 210/225-2481
Email: jay@brownandnorton.com
Attorney for John Xavier Portillo

_____/s/_____
DIANA CRUZ-ZAPATA
Assistant United States Attorney
Tel: (210) 384-7040